1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| VIVIAN DAOUST, | No.  2:13-cv-1997 GEB CKD PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ATG-REHAB SPECIALISTS, INC., | |
| Defendant. | |

This action was removed from state court on the basis of diversity jurisdiction.  Plaintiff alleges claims for products liability arising out of the death of her son.  Plaintiff asserts that defendant provided an improperly fitted wheelchair to her son, which ultimately caused a deterioration in her son's medical condition, resulting in his death.

On October 17, 2013, plaintiff filed three motions and noticed the motions for hearing on November 13, 2013.  Under Local Rule 230, the date noticed for hearing is untimely.  After review of the motions, however, the court has determined oral argument would not be of material assistance and will submit the matters on the papers.

Plaintiff has filed a motion for leave to file a second amended complaint.  Plaintiff has not submitted a proposed second amended complaint.  The motion will therefore be denied.  Plaintiff is advised that any further motions to amend the complaint must be accompanied by a proposed amended complaint.  Plaintiff is also advised that as she is proceeding in propria persona, she

1

1 may not represent other parties, despite her claim that she is proceeding in this action on behalf of
2 her husband and son as well as herself.

3 Plaintiff has also filed a motion to remand, contending that the joinder of technician Brian
4 Edwards would destroy diversity jurisdiction. See 28 U.S.C. § 1447(e). Because the court at this
5 time will deny the motion to amend, plaintiff's motion is premature and will accordingly be
6 denied.

7 Finally, plaintiff has filed a "motion for order for defendant to notify clients of warning
8 signs necessitating equipment adjustment." The relief plaintiff seeks via this motion is in the
9 nature of permanent injunctive relief. A request for permanent injunctive relief is more properly
10 pled as part of a complaint. Whether plaintiff is entitled to such relief will depend on whether
11 plaintiff prevails on the merits. Plaintiff's motion will therefore be denied as premature.

12 Currently calendared for hearing on November 13, 2013 is defendant's motion to dismiss.
13 Plaintiff is reminded that Local Rule 230(c) provides that opposition to the granting of a motion
14 must be filed fourteen days preceding the noticed hearing date. The Rule further provides that
15 "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written
16 opposition to the motion has not been timely filed by that party." In addition, Local Rule 230(i)
17 provides that failure to appear may be deemed withdrawal of opposition to the motion or may
18 result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules
19 "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within
20 the inherent power of the Court."

21 Accordingly, IT IS HEREBY ORDERED that:

22 1. Plaintiff's motion to amend (ECF No. 6) is denied without prejudice.

23 2. Plaintiff's motion to remand (ECF No. 5) is denied without prejudice.

24 3. Plaintiff's motion for court order (ECF No. 7) is denied without prejudice.

25 4. Plaintiff shall file opposition, if any, to the motion to dismiss no later than October 30,
26 2013. Failure to file opposition will be deemed as a statement of non-opposition and shall result
27 /////
28 /////

1 in submission of the motion on the papers and a recommendation that this action be dismissed
2 pursuant to Federal Rule of Civil Procedure 41(b).
3     5.  Reply, if any, shall be filed no later than November 6, 2013.
4 Dated:  October 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 daoust.mta