UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN DAOUST, | No. 2:13-cv-1997 GEB CKD PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| ATG-REHAB SPECIALISTS, INC., | |
| Defendant. | |

Defendants' motion to dismiss came on regularly for hearing November 13, 2013. Plaintiff Vivian Daoust appeared in propria persona. Plaintiff was accompanied by her husband, Richard Daoust, who has not yet appeared in this action as a plaintiff. Laurie Sherwood appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, removed from state court on the basis of diversity, plaintiff alleges claims arising out of the death of her son. Plaintiff alleges that defendant failed to provide an appropriately fitted wheelchair for her son and that as a result, he suffered severe scoliosis which impaired his ability to breathe, ultimately resulting in his death on May 26, 2012. Plaintiff contends the wheelchair was defective because it did not have a pre-ischial rise. Plaintiff alleges claims for negligence, products liability, and wrongful death. Defendant moves to dismiss, or in

the alternative for a more definite statement.  Defendant also moves to strike the punitive damages claim.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Defendant moves to dismiss the products liability claim on the basis that plaintiff has not sufficiently alleged causation.  To state a claim for products liability against a manufacturer or supplier of a defective product, plaintiff must allege that defendant placed the product on the market in the ordinary course of business, defendant knew the product was to be used without inspection for defects, the product was defective, plaintiff was injured by the product as a proximate result of the defect and plaintiff sustained injuries compensable in money.  See Nelson v. Superior Court, 144 Cal. App. 4th 689, 695 (2006).  While defendant is correct that plaintiff fails to sufficiently allege causation and fails to identify the specific injuries resulting from an alleged product defect, it appears that the deficiencies in plaintiff's pleading arise primarily out of the check-the-box form complaint plaintiff utilized while this action was pending in state court.  However, attached to the original complaint and amended complaint filed in state court are declarations which contain additional factual material in support of plaintiff's claims.  The gravamen of plaintiff's claim appears to be that defendant provided a wheelchair that caused

1 plaintiff's decedent to suffer a deterioration in his physical condition, resulting in his death.
2 Plaintiff has identified in her declaration the specific product defect, i.e. lack of a pre-ischial rise.
3 Because it appears plaintiff may be able to amend the complaint to cure the deficiencies, the
4 motion to dismiss will be granted with leave to amend to more specifically plead the factual
5 allegations underlying the products liability claim.
6        With respect to the negligence claim, defendant contends that plaintiff has failed to
7 separately allege duty, breach of duty, causation, and damages.  As with the products liability
8 claim, plaintiff's complaint suffers from the check-box nature of her complaint.  It appears it
9 would be a fairly simple matter to allege a duty of care flowing from a wheelchair provider to a
10 disabled individual.  For instance, if defendant provided the wheelchair pursuant to a prescription
11 and the wheelchair did not comply with the prescription, the claim might sound in medical
12 negligence, similar to a claim a plaintiff could bring against a pharmacy for incorrectly filling a
13 prescription which resulted in harm to the plaintiff.  Leave to amend the negligence claim will
14 therefore be granted.
15       Defendant also moves to dismiss the survivor claim.  Defendant correctly contends that
16 plaintiff has failed to provide the requisite affidavit of the decedent's personal representative or
17 successor in interest.  Cal. Code Civ. Proc. § 377.32.  It is unclear from plaintiff's pleadings
18 whether the action is brought as a survivor action under Cal. Code Civ. Proc. § 377.30, a
19 wrongful death action under Cal. Code Civ. Proc. § 377.60, or under both statutes.  Under the
20 former statute, an affidavit is required and the representative sues for the damages incurred by the
21 decedent.  Pain and suffering are not allowable damages under the survival action.  Cal. Code
22 Civ. Proc. § 377.34.  Under the wrongful death statute, a cause of action may be asserted for the
23 death of a person caused by the wrongful act or neglect of another.  The persons entitled to make
24 such a claim in this case are the decedent's mother and father.  Cal. Code Civ. Proc. § 377.60(a).
25 In a wrongful death action, all persons who are entitled to bring the action must be joined in the
26 action.  Damages recoverable under this provision are "under all the circumstances of the case,
27 may be just, but may not include damages recoverable under Section 377.34."  Cal. Code Civ.
28 Proc. § 377.61.  Because it is not clear under which statute(s) plaintiff is proceeding and plaintiff

can cure the deficiency of the omitted affidavit and join the father of the decedent in the action, leave to amend will be granted.

Defendant further moves to strike the punitive damages claim. Plaintiff pleads only negligence and alleges no facts in the complaint or in any of her pleadings which suggests defendant acted with malice, oppression or fraud, as ratified by the corporation. Cal. Civ. Code § 3294. The motion to strike the punitive damages claim will therefore be granted.

In the briefing on this matter, plaintiff erroneously included references to settlement discussions. Plaintiff is advised that such information is irrelevant to the issue of liability and must not be included in publicly filed documents. The court will accordingly order certain documents to be filed under seal.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 4) is granted with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. No responsive pleading need be filed to the second amended complaint pending the court's review of the complaint and further order of the court.

4. Defendant's motion to strike the punitive damages claim is granted.

5. The Clerk of Court is directed to seal ECF No. 6 at pages 3 and 11.

6. The parties are advised that a court supervised settlement conference may be scheduled upon the request of the parties. If the parties determine a settlement conference may be useful, the parties should contact the courtroom deputy of the undersigned, Kyle Owen, (916) 930-4004.

/////

/////

Absent waiver of disqualification of the undersigned, the settlement conference will be set before another Magistrate Judge.

Dated: November 14, 2013

                                                      CAROLYN K. DELANEY
                                                      UNITED STATES MAGISTRATE JUDGE

4 daoust.oah