UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN DAOUST, et al., | No. 2:13-cv-1997 GEB CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ATG-REHAB SPECIALISTS, INC., et al., | |
| Defendants. | |

Plaintiffs' motion to remand came on regularly for hearing January 15, 2014.  Plaintiffs Vivian and Richard Daoust appeared in propria persona.  Laurie Sherwood appeared for defendant ATG-Rehab Specialists, Inc. ("ATG").  Upon review of the documents in support and opposition, upon hearing the arguments of plaintiffs and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, removed from state court on the basis of diversity, plaintiffs allege claims arising out of the death of their son.  Plaintiffs allege that defendant failed to provide an appropriately fitted wheelchair for their son and that as a result, he suffered severe scoliosis which impaired his ability to breathe and developed pressure sores, ultimately resulting in his death on May 26, 2012.  Plaintiffs contend the wheelchair was defective because it did not have a pre-ischial rise.

/////

1

Defendant ATG previously moved to dismiss. ECF No. 4. The motion was granted with leave to amend. ECF No. 18. Plaintiffs have now filed a second amended complaint as a survival action and a wrongful death action, alleging claims for negligence and products liability. ECF No. 19. The second amended complaint joins Brian Edwards, the technician who supplied the wheelchair, as a defendant. Plaintiffs move to remand this action to state court on the grounds that the joinder of defendant Edwards destroys diversity jurisdiction.

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The language of § 1447(e) is couched in permissive terms; thus the district court has discretion to either deny joinder or allow joinder and remand the matter. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). Generally, the courts consider several factors in exercising their discretion. Among the factors are:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

See IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000).

Defendant contends joinder should not be allowed because the absence of defendant Edwards would not preclude complete relief. Whether defendant Edwards should be joined under Rule 19 is just one factor that may be considered and is not dispositive of the motion to remand. Here, defendant Edwards is not just tangentially related to the action; his alleged failure to provide a wheelchair in compliance with Dr. Haining's prescription[1] and alleged failure to do any

---

[1] The prescription for plaintiffs' decedent's wheelchair was written by Dr. Robert Haining, M.D., Associate Director of Pediatric Rehabilitation for Children's Hospital and Research Center in Oakland, California. ECF No. 22 at 7:20-24. Dr. Haining treated plaintiffs' decedent for approximately seven to eight years.

follow-up on the chair after delivery despite the decedent's deteriorating medical condition are at the heart of plaintiffs' claim for negligence.  Despite defendant's contention that defendant ATG is vicariously liable for defendant Edward's conduct, plaintiffs should be allowed to pursue a claim against the individual whose actions underlie plaintiffs' complaint.  See, e.g. Righetti v. Shell Oil Co., 711 F.Supp. 531 (N.D. Cal. 1989) (legislative history indicates Congress did not intend that joinder and remand under section 1447(e) be governed by Rule 19 analysis). Moreover, if joinder is not allowed, there is a risk of inconsistent adjudications if actions proceed separately in federal court against the employer and in state court against the employee.  Having to litigate in two fora would also be prejudicial to plaintiffs.

Defendant concedes that the action is not time barred against defendant Edwards. Plaintiffs' decedent died on May 26, 2012.  The second amended complaint was filed December 12, 2013, well within the two year statute of limitations for products liability, negligence, wrongful death and survival actions.  Cal. Code Civ. P. §§ 335.1, 377.20, 377.60.  The second factor therefore weighs in plaintiffs' favor.

Defendant contends that plaintiffs have delayed in joining defendant Edwards.  Because the complaint and amended complaint filed in state court named defendant Edwards in the caption but his name was then crossed out, defendant asserts plaintiffs have unduly delayed in joining this defendant.  However, plaintiffs are proceeding pro se and it appears plaintiffs have become more legally sophisticated as this litigation has progressed.  Their initial inartful attempts to frame a complaint should not be held against them.  No answer has been filed in this action.  A scheduling order has not yet issued.  Although the original complaint was filed in state court on April 24, 2013, plaintiffs sought (albeit unsuccessfully because of procedural deficiencies) to amend the complaint to add defendant Edwards within a month after this matter was removed to federal court.  ECF Nos. 1, 6 (action removed to federal court on September 24, 2013; plaintiff moved to amend complaint and remand on October 17, 2013).  Plaintiff Vivian Daoust indicated in that motion that certain records had not been made available to her until August 14, 2013 and that this new evidence pointed to defendant Edwards' culpability.  ECF No. 6 at 4:12, 5:6-8.

/////

Under these circumstances, plaintiffs' delay in joining defendant Edwards does not weigh against joinder.

Defendant additionally contends that the sole purpose of plaintiffs' joinder of defendant Edwards is to defeat diversity jurisdiction.[2]  While the procedural history of this action suggests this argument may have some merit, the legislative history of section 1447(e) suggests such motive is entirely proper.  See Righetti v. Shell Oil Co., 711 F.Supp. at 535, citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, reprinted in 1988 U.S.Code Cong. & Admin.News 6033 ("[T]he express purpose of the section is to 'take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal'.")

Finally, defendant contends that the claims against defendant Edwards are meritless.  Although inartfully pled, plaintiffs adequately set forth the basis for a claim for negligence against defendant Edwards, as pled in the second amended complaint, combined with the additional clarification of the complaint submitted by plaintiff on December 30, 2013 (ECF No. 22).  Construing plaintiffs' pro se pleadings liberally, it appears plaintiffs can state a valid claim against this defendant.  Because there is a bona fide claim against a non-diverse defendant, amendment has been sought relatively early in the litigation, and there is no prejudice to the named defendant in allowing joinder, the court should exercise its discretion to permit joinder and remand the matter under 28 U.S.C. § 1447(e).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiffs' motion to remand (ECF No. 20) be granted; and

2.  This action be remanded to the Superior Court of California, County of San Joaquin.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] At the hearing, plaintiff Vivian Daoust represented to the court that she had at first been reluctant to joint defendant Edwards in the action because she did not want to jeopardize his career.  Upon further review of the evidence in the matter, however, plaintiff concluded that defendant Edwards should be held culpable for his alleged conduct.

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 16, 2014

                                                _____
                                                CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

4 daoust2.rem.57